IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TERRY M. JONES, ) | |
| ) | Case No. CV09-16-S-BLW |
| Plaintiff, ) | |
| ) | **INITIAL REVIEW ORDER** |
| vs. ) | |
| ) | |
| SGT. MATHEW VALLARD; LT. D. ) | |
| BUTLER; DEPUTY WARDEN JAY ) | |
| CHRISTENSEN; J. SMITH; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The Clerk of Court conditionally filed Plaintiff's Complaint as a result of his status as an inmate and his in forma pauperis request. The Court now reviews the Complaint to determine whether it or any of the claims contained therein should be summarily dismissed under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

### REVIEW OF COMPLAINT

**A.    Factual Allegations**

Plaintiff is incarcerated at Idaho Correctional Center ("ICC"). Plaintiff alleges that he was given a bottom bunk memo by medical staff, but that Defendant Vallard refused to

**INITIAL REVIEW ORDER  1**

look at the memo. Plaintiff asserts that Defendant Vallard issued him a Disciplinary Offense Report ("DOR") for being on a bottom bunk, despite the bottom bunk memo. The DOR was later dismissed.

Plaintiff alleges that he has seen several medical providers at ICC regarding his sciatica and that he has received X-rays and medication. Plaintiff alleges that his back has locked up and that he is in horrible pain. Plaintiff does not allege that he was given inadequate medical care for his back problems.

**B.     Standard of Law**

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 and 1915A. The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff has not set forth sufficient factual allegations to proceed on his Complaint. Plaintiff shall have thirty (30) days to file an amended complaint. Any amended complaint should take into consideration the following.

**INITIAL REVIEW ORDER  2**

C.     **Bottom Bunk Claim**

Plaintiff's claim that Defendant Vallard improperly issued him a DOR for being on the bottom bunk is de minimis (insignificant or minute) and does not rise to the level of a constitutional violation. *See Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991); *cf. Rapier v. Harris*, 172 F.3d 999, 1006 (7th Cir. 1999); *cf. Owen v. Shuler*, 466 F.Supp. 5, 7 (D. Ind. 1977), *affirmed mem.*, 594 F.2d 867 (7th Cir. 1979). Plaintiff admits that the DOR was dismissed, and thus has not stated a constitutional claim. Plaintiff should omit this claim from any amended complaint.

D.     **Eighth Amendment Claim**

It is unclear whether Plaintiff is asserting an Eighth Amendment claim for failure to provide adequate medical care. To state an Eighth Amendment claim regarding prison medical care, a complaint must allege facts showing that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

The Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain[;] . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of

**INITIAL REVIEW ORDER  3**

chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (quotation omitted).

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (footnotes omitted).

Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). "[T]o prevail on a claim involving choices between alternative courses of treatment, [Plaintiff] must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk'" to Plaintiff's health. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

Mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th

**INITIAL REVIEW ORDER 4**

Cir. 1980). A mere delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay causes serious harm. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). So long as medical personnel have been "consistently responsive to [the inmate's] medical needs," and there has been no showing that the medical personnel had "subjective knowledge and conscious disregard of a substantial risk of serious injury," no Eighth Amendment violation has occurred.

Plaintiff does not allege that he suffered any injury as a result of the care he was given, nor does he allege that the medical care was deficient. If Plaintiff has such facts, he may state them in an amended complaint.

Additionally, Section 1983 requires a claimant to show that the named Defendants proximately caused the constitutional violation or his alleged injury. In *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), the court outlined the requirements for a finding of proximate causation:

> Liability under section 1983 arises only upon a showing of personal participation by the defendant. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979). A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983.

Plaintiff has set forth no allegations that the named Defendants had any involvement in, or knowledge of, his medical problems. If Plaintiff files an amended complaint, Plaintiff should name as defendants only those individuals who meet this definition of personal participation.

**INITIAL REVIEW ORDER  5**

### E. Standards for Amended Complaint

If Plaintiff chooses to amend his § 1983 complaint, he must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). Plaintiff must also allege a sufficient causal connection between each Defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, to conform to the rules of pleading requiring a short and plain statement of the case, the complaint must allege in specific terms the following: (1) the names of the persons who caused or personally participated in causing the alleged deprivation of Plaintiff's constitutional rights; (2) the dates on which the conduct of each Defendant allegedly took place; and (3) the specific conduct or action Plaintiff alleges is unconstitutional.

The amended complaint must contain all of Plaintiffs' allegations in a single pleading, and cannot rely upon or incorporate by reference prior pleadings. D. Idaho L. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall reproduce the entire pleading as amended"). Plaintiff shall set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "First Amended Complaint."

**INITIAL REVIEW ORDER  6**

## REQUEST TO PROCEED IN FORMA PAUPERIS

In order for any litigant to file a civil complaint in federal court, that litigant must either pay the filing fee in full at the time of filing or seek in forma pauperis status, which allows the litigant to pay the filing fee over time. In either case, the litigant must pay the full filing fee for having filed the complaint, regardless of whether that person's case is eventually dismissed or is unsuccessful.

Because an amended complaint is required in order for Plaintiff to proceed with his case, the Court will presently deem Plaintiff's Request to Proceed in Forma Pauperis moot. If Plaintiff files an amended complaint and is allowed to proceed, the Court will reevaluate his eligibility for in forma pauperis status.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Request to Proceed in Forma Pauperis (Docket No. 1) is MOOT.

IT IS FURTHER HEREBY ORDERED that Plaintiff shall have thirty (30) days from the date of this Order within which to file an amended complaint as described above. Alternatively, Plaintiff may choose to dismiss his case voluntarily by filing a "Notice of Voluntary Dismissal," in which case no filing fee will be assessed. If Plaintiff does neither, the Court shall dismiss the case.

**INITIAL REVIEW ORDER  7**



DATED: **March 13, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**INITIAL REVIEW ORDER 8**